UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HARRY PAMER,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPT.<br>OF CORRECTIONS; et al.,<br><br>   Defendants.<br>                                                          / | No. C 04-3252 SI (pr)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

## INTRODUCTION

Lawrence Harry Pamer, an inmate currently housed at the High Desert State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court dismissed the original complaint with leave to amend because the complaint did not identify a viable defendant. Pamer then filed a first amended complaint. The court dismissed without prejudice the claims concerning incidents that had occurred at the California Men's Colony in San Luis Obispo as not properly joined. The court also explained that it appeared that the claims concerning his medical care at Salinas Valley State Prison were time-barred, and invited Pamer to file a second amended complaint to try to plead around the apparent statute of limitations problem. Pamer's second amended complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

Pamer's second amended complaint concerns three different problems that occurred at Salinas Valley State Prison: (1) the alleged deliberate indifference to his need for medical care in 1996, (2) the alleged deliberate indifference to the risk to his safety posed by his cellmate, and (3) the alleged deliberate indifference to his need for medical care following a cell fight on August 23, 1999.

This action was stamped "filed" on August 11, 2004, but is deemed filed on July 29, 2004, the day Pamer gave the document to prison officials for mailing to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

## DISCUSSION

A.   Standard Of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Claims Regarding 1996 Medical Care Are Time-Barred

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). A claim accrues when the plaintiff

knows or has reason to know of the injury which is the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. The statute of limitations in California for § 1983 claims was one year until the legislature changed it to two years effective January 1, 2003. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); former Cal. Civ. Proc. Code § 340(3) (one-year general residual statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period); see Elliott, 25 F.3d at 802. Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only as to claims for damages. See Cal. Civ. Proc. Code § 352.1. When the disability of imprisonment tolls the limitations period, the limitations period begins to run immediately after the disability period ends. See Cabrera v. City of Huntington Park, 159 F.3d 374, 378-79 (9th Cir. 1998).

Pamer's claim concerning the deficiencies in the care of his back problems, athlete's foot and eye care needs in 1996 when he first arrived at Salinas Valley is governed by the one-year limitations period in former California Code of Civil Procedure § 340.3. Pamer has not pled anything suggesting a delayed discovery or delayed accrual of the claim and a delayed discovery date is wholly incompatible with his allegation that he filed an inmate grievance in 1996 that was denied in 1996. The filing of the grievance shows that he knew of the problem in 1996 and complained about it then to prison officials. In light of the one-year limitations period then applicable and the two years of tolling based on his imprisonment, any complaint based on deficiencies in the medical care in 1996 should have been filed by the end of 1999 at the latest to be timely. The original complaint in this action was not filed until July 29, 2004.

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the case here. The defense appeared complete and obvious from the face of the first amended complaint and records in the file. Leave to amend was granted so that Pamer could attempt to allege facts showing why his claims about treatment of his back in 1996 are not time-

barred. He then filed a second amended complaint. The defense remains complete and obvious from the face of the second amended complaint and the records in the file.

The limitations period on the claim regarding Pamer's 1996 medical care started no later than December 18, 1996, as that was when he received a denial of his inmate appeal. See Second Amended Complaint, p. 10. (The limitations period probably started earlier -- i.e., when Pamer knew he received inadequate care that prompted him to file a grievance -- but that date cannot be determined from the pleading.) Allowing him the two years of tolling for the disability of imprisonment plus the normal one-year limitations period makes the presumptive statutory deadline for Pamer to file his § 1983 action no later than December 18, 1999. Pamer tried to plead around the statute of limitations in his second amended complaint by asserting that several circumstances prevented timely filing.

First, he claimed that, as a result of a cell fight on August 23, 1999, he suffered a serious brain injury, had a cast on his writing hand and had other medical problems that prevented him from filing the action on time. See Second Amended Complaint, pp. 7-8. Assuming arguendo that the mental and/or physical ailments could provide a basis for equitable tolling, Pamer's medical problems do not sufficiently explain his extreme delay in filing this action.[1] By the time the cell fight occurred, 32 months of the 36-month period for filing the action had already passed. The action was not filed until 59 months after the injuries were sustained in the fight. During those 59 months, Pamer filed grievances and other administrative documents showing he was able to write and think; these activities show that his brain injury, his hand cast, and his other injuries did not cause sufficient impairment to excuse the delay in filing from August 1999

---

[1] Although there is ample evidence that Pamer suffered a "brain injury" in August 1999, the injury did not render him unconscious or make him mentally incompetent on any long-term basis. The physician's notes on the day of the injury state that Pamer was "alert and oriented x 3." Second Amended Complaint, Exh. A, p. 23. A May 5, 2003 functional capacity evaluation done for Pamer states that he "was assaulted and had a significant head injury in 1999. He has been left with some residual cognitive problems, but by in [sic] large functions well." Id. at 19 (emphasis added). The evaluation also noted that he had back problems and had chronic pain. The evaluation further noted that Pamer was cleared for food handling, as long as it did not involve prolonged standing or sitting and limited the repetitive use of his right arm. In the July 12, 2004 functional capacity evaluation, it was observed that Pamer's residual cognitive problems had decreased to a "minimal" level. Id. at 20.

4

1 through July 2004. Documents attached to the original complaint and the second amended
2 complaint showed activity inconsistent with a purported inability to pursue a claim regarding the
3 1996 back care. The exhibits demonstrate that he was able to tend to his affairs in at least
4 August and November 2001; May, June, August, and October 2002; and January 2004.[2] Pamer's
5 demonstrated ability to tend to his affairs in those months means that he was not precluded by
6 any mental and/or physical disability from filing his action within the limitations period – even
7 if one allowed for equitable tolling from the date of the injury (August 1999) until the first
8 activity demonstrated by the exhibits (August 2001), his July 2004 complaint was years too late
9 to be timely. His specific contention that the CDC's slowness in tending to his need for reading
10 glasses also does not persuade because the activities described above demonstrated that Pamer
11 was able to read and write enough to tend to his affairs, whatever his level of vision problems
12 were.

13 Second, Pamer asserted that the law library was inaccessible to him in 1997 and 1998.
14 Even if he could prove this assertion, it would not provide a basis for equitable tolling because
15 any alleged library access problems in 1997 and 1998 do not explain why the complaint was not
16 filed in 1999, 2000, 2001, 2002, 2003 or the first half of 2004.

17 Third, Pamer contended that he attempted unsuccessfully to obtain representation by
18 counsel. This is not an event that warrants any equitable tolling of the limitations period.

19 Pamer's second amended complaint shows on its face that his claims concerning his
20 medical care in 1996 are time-barred. His efforts to plead around the statute of limitations have
21 not been successful. Accordingly, the claims concerning the back care are DISMISSED without
22 leave to amend. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

---

[2] Pamer filed inmate grievances on August 23, 2001 and June 25, 2002, wrote an inmate request for interview on October 16, 2002, and submitted an explanation of the delay in submitting his inmate appeal on August 1, 2002. He also filed a government tort claim on or about January 27, 2004. Pamer filed an inmate grievance regarding his eyeglasses on August 24, 2001. He also wrote letters seeking assistance from private lawyers on November 29, 2001 and May 21, 2002, as stated in the rejection letters he received from those firms.

5

### C. Deliberate Indifference To Safety Before 1999 Cell Fight

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. See id. at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834. To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety. See id. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id.

Pamer alleges that three defendants were deliberately indifferent to a risk to his safety. He complained to correctional officer ("C/O") Lara of incompatibility problems with his cell mate. Lara told the cellmate about plaitiff's complaint, and the cellmate "brought it to plaintiff's attention, grudgingly." Second Amended Complaint, p. 11. On August 23, 1999, Pamer asked C/O Lewis to be moved to an empty cell. C/O Lewis asked sergeant Martinez, who twice refused to permit Pamer to move to a new cell. That same day, Pamer was involved in a cell fight. Liberally construed, the allegations state a § 1983 claim against Lara, Lewis and Martinez for deliberate indifference to a risk to Pamer's safety.

### D. Medical Care After The Fight

To establish a claim for an Eighth Amendment violation, an inmate claiming that prison officials failed to attend to medical needs must establish both (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992). A medical need is serious if the failure to treat the inmate's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. at 1059 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

6

After the cell fight on August 23, 1999, Pamer was taken for medical treatment. A doctor gave him several injections to numb his hand so he could partially reduce a fracture. Pamer told the medical staff that he had been kicked very hard and had a terrible headache. He was given Motrin and told he would be taken to the hospital the next day. The next day, he went to the Natividad Medical Center and a doctor further reduced a fracture in his finger. The doctor said he might have to put pins in the fracture and that Pamer would need physical therapy. The doctor told Pamer he would see him in three weeks. Pamer returned to the doctor once or perhaps not at all – his allegation on this point is ambiguous. Second Amended Complaint, p. 13.

Once back in prison, Pamer had to kick his cell door for two days to get medical attention. He told staff there was something else wrong: his arm did not feel right and he was in severe pain. Dr. Lillian Lustman "got very nasty and viciously gave the plaintiff an injection in the thigh and told me again, 'You are not getting any narcotics.'" Id. at 13. Pamer states the he went to sick call a couple more times and was given a sling, but not until three months later. Pamer alleges that defendants Dr. Wittenberg, Dr. Lucine, and Dr. Lustman "failed to do proper treatment, diagnosis, CT scan, or even question patient, which would be consistent with his type of head injury," and failed to "do any follow-up treatment" causing him extreme pain. Id. at 5-6. He further alleges that defendant Dr. Clark, the chief medical officer, reviewed his inmate appeal and denied him any medical care. Id. at 6. He further alleges that defendant MTA Jiminez refused to allow him to see a doctor when Pamer complained of severe pain and other problems. Id. The allegations of the complaint suggest that the inadequate medical care continued for months. Pamer was transferred to another prison in June 2000.

Liberally construed, the allegations state a § 1983 claim against defendants Wittenberg, Lucine, Lustman, Clark, and Jiminez for deliberate indifference to a risk to Pamer's medical needs.

E.    Statute of Limitations And Claims Based On Events In 1999 And Later

The court cannot determine from the face of the second amended complaint and materials in the court file that the § 1983 deliberate indifference to safety in 1999 and the deliberate indifference to medical needs after the 1999 cell fight are time-barred. There may be sufficient tolling time based on Pamer's injuries for these claims as the complaint was filed less than five years after the events occurred. The court declines to dismiss the claims based on events occurring in 1999 and later as time-barred at this stage. This ruling does not, however, preclude defendants from asserting the affirmative defense of the statute of limitations in an answer or in a motion for summary judgment or at trial.

The tolling provision for the disability of imprisonment does not apply to Pamer's state law claims brought under the court's supplemental jurisdiction. The claims presentation requirements for such claims against California public entities or employees are not tolled by imprisonment. See Cal. Civ. Proc. Code § 352.1(b); Ellis v. City of San Diego, 176 F.3d at 1189. Because state claims presentation requirements do not apply to § 1983 claims, and in California statutory tolling for imprisonment does apply to § 1983 claims, pendent state law claims may be barred even when § 1983 claims are not. See id. at 1189-90. In California the time period for presentation of a claim relating to personal injury is six months from accrual of the injury. See Cal. Gov't. Code § 911.2. Pamer did not present his government tort claim to the state until on or about January 27, 2004, see Complaint, Exh. B, and that was years to late for all the events alleged in the second amended complaint. The complaint also was filed many years after the one-year limitations period for state law claims expired. The state law claims thus are time-barred.

Finally, the tolling provision for the disability of imprisonment does not apply to Pamer's claims for injunctive relief. Even if the requested injunctive relief of an investigation of the medical staff at Salinas Valley was permissible and not made moot by Pamer's transfer to a new prison, it would have to be rejected as time-barred because he did not file his complaint until more than four years after the alleged misconduct of defendants.

8

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's second amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Lara, Lewis and Martinez for deliberate indifference to a risk to his safety. Plaintiff's second amended complaint also states a § 1983 claim against defendants Wittenberg, Lucine, Lustman, Clark, and Jiminez for deliberate indifference to a risk to Pamer's medical needs. All other claims and all other defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of this order upon each of the following defendants, who allegedly are employed at Salinas Valley State Prison:

- correctional officer Lara
- correctional officer Lewis
- correctional sergeant Martinez
- Dr. Wittenberg
- Dr. Lucine
- Dr. Lillian Lustman
- Dr. David S. Clark
- M. P. Jiminez (medical technical assistant)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **June 2, 2006**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 7, 2006**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary

9

judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **July 28, 2006**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

  7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

10

1      8.    Pamer's second amended complaint was not signed. He must file a signed signature page for that document no later than **April 7, 2006**. A copy of the signature page has been mailed to him for him to sign and return to the court.

IT IS SO ORDERED.

Dated: March ____, 2006

                                            _____
                                            SUSAN ILLSTON
                                            United States District Judge