UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE HARRY PAMER,

    Plaintiff,

    v.

CALIFORNIA DEPT.
OF CORRECTIONS; et al.,

    Defendants.
                               /

No. C 04-3252 SI (pr)

**ORDER**

Lawrence Harry Pamer, an inmate currently housed at the High Desert State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court found cognizable a claim for deliberate indifference to safety and a claim for deliberate indifference to medical needs and ordered service on eight individual defendants. The matter is now before the court to deal with service of process, discovery, and scheduling issues.

A.    Unserved Defendants

Four of the defendants (i.e., Wittenberg, Lucine, Clark and Jiminez) have appeared in this action. The other four defendants (i.e., Lara, Lewis, Martinez and Lustman) could not be served with process by the U.S. Marshal based on the information plaintiff provided. The USM-285[1] for C/O Lara stated that service was attempted at Salinas Valley and that the Marshal was unable

---

[1] A USM-285 Process Receipt And Return from the U.S. Marshal is prepared for each defendant on whom service of process is attempted and shows the Marshal's efforts to serve that defendant.

to locate the individual; more information was needed, such as a first name. (Docket # 19.) The USM-285 for Dr. Lillian Lustman indicated that the Marshal was informed that she had transferred to CMF-Vacaville, that he was unable to serve her at CMF-Vacaville, and that the CMF-Vacaville litigation coordinator informed the Marshal there was no such person at that facility. (Docket # 21.) The USM-285 for defendant sergeant Martinez indicated that the Marshal was unable to serve him/her at Salinas Valley because more information was needed to locate him/her. (Docket # 16.) The USM-285 for C/O Lewis indicated that the Marshal was unable to serve him/her at Salinas Valley and the litigation coordinator indicated there was no record of this individual and that he was unable to locate the individual. (Docket # 15.) The incident that forms the basis for the complaint occurred more than six years ago, so it is not surprising that some of the defendants (especially those identified by last names only) cannot be located.

In light of the foregoing service problems, the court will require plaintiff to provide full names and addresses for the four defendants who were not served. Plaintiff must provide a current address for defendants Lara, Lewis, Martinez and Lustman where each can be served with process and must provide a full name for defendants Lara, Lewis and Martinez. Plaintiff must diligently search for these defendants' current addresses and full names. He might, for example, write to or call the personnel offices at the prison and the CDC. Although it may be difficult to locate the defendants if they are no longer employed by the CDC, finding them remains plaintiff's responsibility, not the court's. Plaintiff must provide to the court a full name and current address for each of these defendants no later than **September 8, 2006**. If plaintiff does not provide the necessary information for service on each of these defendants by the deadline, or the Marshal is unable to serve the defendants at the addresses provided, they will be dismissed without prejudice from this action.

Plaintiff has filed a "motion for appointment of agent to receive service and pleadings of relating documents for discovery" in which he asks the court to order an agent, such as the Attorney General or CDC, to accept service on the unserved defendants. The motion is DENIED. (Docket # 24.) There is no evidence that any unserved defendant has appointed any

2

1 agent, let alone the Attorney General or CDC, to receive service of process. The employer of
2 an individual defendant sued in his individual capacity is not authorized to accept service of
3 process on the employee's behalf. The court will not designate an agent to act on behalf of the
4 unserved defendants as a solution for plaintiff's failure to fully identify and provide current
5 addresses for them.

B.  Discovery

Plaintiff filed a motion for order to produce and perpetuate documents. The motion is DENIED as frivolous. (Docket # 25.) The motion obviously has been recycled from another case, as is evident from the fact that it requests numerous documents that were generated at Pelican Bay State Prison and apply to Pelican Bay, while the events that gave rise to plaintiff's complaint took place while he was incarcerated at Salinas Valley and have no known connection to Pelican Bay. The motion also makes many assertions that seem extremely unlikely to apply in the current case, such as the assertions that there is an operative complaint that alleged retaliation, see Motion, p. 2:13-15, that the documentation will be voluminous and require experts to sift through it, id. at 2: 21 and 3:11, and that there are exhibits in evidence, see id. at p. 130. Plaintiff is cautioned that even pro se prisoners are expected to read through any document they file and they can be sanctioned for frivolous filings. See Fed. R. Civ. P. 11.

Plaintiff also is cautioned that discovery requests should not be filed with the court. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific

3

disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37.  Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

C.      Scheduling On Dispositive Motions

The defendants who have appeared in this action have filed an ex parte request for an extension of time to file their dispositive motion.  Upon due consideration of the request and the accompanying declaration of attorney Sara Ugaz, the court GRANTS the request. (Docket # 22.)  The court vacates the existing briefing schedule and now sets the following briefing schedule:

1.      Defendants must file and serve their dispositive motion no later than **July 28, 2006.**

2.      Plaintiff must file and serve his opposition to the dispositive motion no later than **August 31, 2006**.

3.      If defendants wish to file a reply brief, they must file and serve their reply brief no later than **September 15, 2006**.

IT IS SO ORDERED.

Dated: June 26, 2006

_____
SUSAN ILLSTON
United States District Judge

4