UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE HARRY PAMER,

         Plaintiff,

    v.

CALIFORNIA DEPT.
OF CORRECTIONS; et al.,

         Defendants.

_____/

No. C 04-3252 SI (pr)

**ORDER DENYING MOTIONS: TO
DISMISS, STAY DISCOVERY, FOR
RELIEF FROM ORDER AND TO
APPOINT OF COUNSEL**

A.    <u>Background</u>

      Lawrence Harry Pamer filed this <u>pro se</u> civil rights action under 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated at Salinas Valley State Prison.  The court earlier determined that the second amended complaint stated two claims for relief: (1) a § 1983 claim against defendants Lara, Lewis and Martinez for deliberate indifference to a risk to Pamer's safety in their failure to take steps to alleviate the danger when he alerted them about incompatibility with his cellmate and was thereafter involved in a cell fight with that inmate on August 23, 1999, and (2) a § 1983 claim against Dr. Wittenberg, Dr. Lucine, Dr. Lustman, Dr. Clark, and MTA Jiminez for deliberate indifference to Pamer's serious medical needs based on the allegedly inadequate medical care provided to him in the months after the cell fight.  The court dismissed other claims in the Second Amended Complaint.  <u>See</u> March 17, 2006 Order Of Service And Partial Dismissal.

**United States District Court**

For the Northern District of California

Service of process problems arose with regard to defendants Lara, Lewis, Martinez, and Lustman, who were not served with process based on the information Pamer had provided. The court ordered Pamer to provide current addresses for all four and a full name for Lara, Lewis and Martinez no later than September 8, 2006. <u>See</u> June 27, 2006 Order, pp. 1-2. The court warned Pamer that if he did not provide the necessary information for service on each of these defendants by the deadline, or the Marshal was unable to serve the defendants at the addresses provided, they would be dismissed without prejudice. <u>Id.</u> at 2. Pamer did not provide the required names and addresses and the deadline has long passed.

This action is now before the court for consideration of several motions: (1) defendants' motion to dismiss because the action is time-barred and because Pamer failed to exhaust administrative remedies, (2) defendants' motion for a stay of discovery, and (3) plaintiff's motion for relief from court order and for appointment of counsel.

B.     <u>Defendants' Motion To Dismiss</u>

Defendants have moved to dismiss the second amended complaint on the grounds that dismissal is warranted under Rule 12(b)(6) because the claims are time-barred and dismissal is warranted under the unenumerated part of Rule 12(b) because Pamer failed to exhaust his administrative remedies before filing this action.

1.     <u>Statute Of Limitations</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. <u>See</u> <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980). Dismissal on statute of limitations grounds can be granted

2

United States District Court

For the Northern District of California

1   pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required

2   liberality, would not permit the plaintiff to prove that the statute was tolled." Id.

3       It is surprising that the Rule 12(b)(6) motion was made at all.  Months before the motion

4   was filed, the court wrote that it "cannot determine from the face of the second amended

5   complaint and materials in the court file that the § 1983 deliberate indifference to safety in 1999

6   and the deliberate indifference to medical needs after the 1999 cell fight [claims] are time-

7   barred.  There may be sufficient tolling time based on Pamer's injuries."  Order Of Service And

8   Partial Dismissal, p. 8.

9       Defendants have failed to show their entitlement to dismissal at the Rule 12(b)6) stage.

10  Pamer alleged he suffered a severe brain injury and other facts (e.g., the unavailability of

11  eyeglasses and the existence of a cast on his writing hand) that existed for unspecified time

12  periods for which equitable tolling might be permitted.  Second Amended Complaint, pp. 7-8,

13  12-14.  Defendants have not explained how Pamer would be unable to prove that the statute was

14  tolled based on these potential tolling events.  Giving the pro se second amended complaint the

15  liberal construction to which it is entitled, one simply cannot say that plaintiff will be unable to

16  prove, consistent with the allegations therein, that the statute of limitations was tolled.  It may

17  later develop that Pamer cannot prove facts to establish his entitlement to the equitable tolling

18  suggested by his pleading, but pleading and proof are two different things.  The pleading is

19  sufficient to survive Rule 12(b)(6) scrutiny.  The Rule 12(b)(6) motion to dismiss is DENIED.

20

21

22      2.    Exhaustion Of Administrative Remedies

23      A prisoner's failure to exhaust administrative remedies is a matter in abatement.

24  Defendants have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune,

25  315 F.3d 1108, 1119 (9th Cir. 2003).  The proper way to establish nonexhaustion is by a

26  unenumerated Rule 12(b) motion rather than in a motion for summary judgment because the

27  "failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter

28  in abatement."  Id.  The summary judgment procedure is a decision on the merits while a

United States District Court

For the Northern District of California

dismissal for failure to exhaust is not on the merits.  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988).  Ritza explained that "[t]he distinction between summary judgment and dismissal for matters in abatement bears on the district court's authority to resolve factual disputes and thus affects the standard of review to be applied by this court." Id. at 369.  The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there often is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Pamer alleged the following regarding his inmate appeals:  "Plaintiff filed another grievance for a 1999 injury/incident seeking medical treatment and diagnoses of a disability/brain injury.  This grievance was answered in error, confiscated in [an] attempt to cover-up and impede plaintiff's due process.  Plaintiff filed a second grievance immediately after diagnoses and obtaining medical record copies of his brain injury.  This grievance was also immediately impeded."  Second Amended Complaint, p. 3.  In response to the form question, "Is this grievance procedure completed?" Pamer checked the "no" box.  Id.

Defendants have failed to carry their burden of proving the absence of exhaustion of administrative remedies.  Defendants point to the Pamer's statements quoted in the preceding paragraph and contend that these prove non-exhaustion.  Defendants provide no other evidence about the grievances Pamer had filed, such as CDC records showing whether he had actually filed grievances, and whether they were granted/denied at any levels in the inmate appeal system.  The court has seen many motions to dismiss for non-exhaustion and this is the first one it recalls that was unaccompanied by any evidence regarding the CDC's records of the inmate appeals the plaintiff-prisoner had filed.  Because Pamer stated in his verified pleading that he had attempted to exhaust but one appeal was "confiscated" and two appeals were "impeded" by prison staff, and defendants presented no evidence showing that Pamer did not pursue an administrative remedy available to him, defendants have not carried their burden of proving non-exhaustion.

**United States District Court**

For the Northern District of California

1    The Rule 12(b) motion to dismiss is DENIED.  (Docket # 27.)

2

3    C.       Motion For Stay

4            Defendants have moved for a stay of discovery pending a ruling on their motion to

5    dismiss.  The motion for a stay of discovery is DENIED as moot because the court has now ruled

6    on the motion to dismiss.   (Docket # 31.)

7

8    D.       Motion For Relief From Court Order And Request For Counsel

9            Plaintiff's motion for relief from the court's order that required him to provide by

10   September 8, 2006 the names and addresses for service of process on four unserved defendants

11   is DENIED.  (Docket # 29.).  Pamer has not shown good cause for relief from the order that

12   required him to take some rather simple steps to attempt to find the defendants.  His motion is

13   unclear on whether he actually did what the court told him to do or simply decided that, based

14   on past experience, doing those things would be futile.  The motion is therefore denied without

15   prejudice to him filing another motion within thirty days that is supported by evidence in the

16   form of copies of each and every letter or other inquiry he sent and received showing the steps

17   he took to obtain the information required by the court and the dates on which he did so.   The

18   cases cited by Pamer are unhelpful, as the court did not order Pamer to serve process on those

19   defendants, but merely to provide enough information for the Marshal to attempt to serve

20   process on them.

21          Pamer has requested that counsel be appointed to represent him in this action.  A district

22   court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an

23   indigent civil litigant in exceptional circumstances.  See Wilborn v. Escalderon, 789 F.2d 1328,

24   1331 (9th Cir. 1986).  This requires an evaluation of both the likelihood of success on the merits

25   and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal

26   issues involved.  See id.  Neither of these factors is dispositive and both must be viewed together

27   before deciding on a request for counsel under §1915(e)(1).   Exceptional circumstances

28   requiring the appointment of counsel are not evident.   Accordingly, Pamer's request for

**United States District Court**

For the Northern District of California

1   appointment of counsel is DENIED.  (Docket # 29.)

2

3   E.      Scheduling

4          In order to move this case toward resolution, the court now sets the following briefing

5   schedule for any summary judgment motion defendants may wish to file:

6          a.      Defendants must file and serve a motion for summary judgment no later

7   than **March 23, 2007**.  If defendants are of the opinion that this case cannot be resolved by

8   summary judgment, they must so inform the court prior to the date the motion is due.

9          b.      Plaintiff must file and serve on defense counsel his opposition to the

10  summary judgment motion no later than **April 27, 2007**.  Plaintiff must bear in mind the notice

11  and warning regarding summary judgment as he prepares his opposition.  See Order Of Service

12  And Partial Dismissal, pp. 9-10.

13         c.      Defendants must file and serve their reply brief, if any, no later than

14  **May 11, 2007**.

15         IT IS SO ORDERED.

16  Dated:  January 19, 2007                                    _____

17                                                              SUSAN ILLSTON
                                                                United States District Judge
18

19

20

21

22

23

24

25

26

27

28