UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HARRY PAMER, | No. C 04-3252 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| CALIFORNIA DEPT. OF CORRECTIONS; et al., | |
| Defendants. | |

This matter is now before the court for consideration of several miscellaneous matters.

First, plaintiff has filed a motion for appointment of counsel. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident at this time. The motion for appointment of counsel is DENIED. (Docket # 52.)

Second, plaintiff has filed a motion for leave to file an amended and supplemental complaint, but did not attach to it a proposed amended/supplemental complaint. Federal Rule

of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires" but the court cannot make that determination without seeing the proposed new pleading. See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.")  The motion for leave to amend is DENIED without prejudice because plaintiff failed to attach the proposed amended complaint. (Docket # 44.)  Regardless of whether plaintiff intends to file a motion to amend/supplement his complaint, he must comply with the briefing schedule for defendant Clark's dispositive motion.

Third, there were four defendants (i.e., defendants Lara, Lewis, Martinez, and Lustman) who could not be served with process based on the information plaintiff had provided. The court ordered plaintiff to provide current addresses and full names for those defendants. Plaintiff never provided to the court the information necessary to serve process on the four unserved defendants and the deadline by which to do so passed many months ago. See January 19, 2007 Order, p. 5; June 27, 2006 Order, pp. 1-2. Accordingly, defendants Lara, Lewis, Martinez and Lustman are DISMISSED without prejudice from this action.

Fourth, plaintiff and defendant David Clark stipulated to an extension of the deadline for defendant Clark to file a motion for summary judgment or other dispositive motion. However, the stipulation failed to set the related deadlines for the opposition and reply briefs. The court now sets the following briefing schedule for defendant Clark's dispositive motion:

   1.   Defendant Clark must file and serve his motion for summary judgment or other dispositive motion no later than **August 1, 2007**.

   2.   Plaintiff must file and serve his opposition to the summary judgment or other dispositive motion no later than **September 3, 2007**.

   3.   Defendant Clark must file and serve his reply brief, if any, no later than **September 14, 2007**.

2

The parties are reminded that all papers filed must be served on all other parties. For example, plaintiff must send a copy of his opposition to <u>both</u> the attorney for defendant Clark, as well as the attorney who represents the other defendants who have appeared in this action.

IT IS SO ORDERED.

Dated: 7/31/07 _____

SUSAN ILLSTON
United States District Judge